Estate of Morris H. Cone, Deceased, Jessie C. Cone, Executrix v. Commissioner.
Estate of Cone v. Commissioner
Docket No. 42596.
United States Tax Court
T.C. Memo 1954-56; 1954 Tax Ct. Memo LEXIS 190; 13 T.C.M. (CCH) 512; T.C.M. (RIA) 54162; June 4, 1954, Filed *190 Joseph W. Worthen, Esq., 10 Post Office Square, Boston, Mass., for the petitioner. James T. Lodge, Esq., and R. Monroe Schwartz, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $6,361.84 in the income tax of Morris H. Cone for the calendar year 1949. The only issue for decision is whether a bad debt deduction was the result of a business debt deductible under section 23(k)(1). Findings of Fact Morris H. Cone, whose estate is the petitioner herein, died on November 27, 1949. His individual income tax return for the period January 1 through November 27, 1949 was filed with the collector of internal revenue for the District of Vermont. The decedent was a partner in the Hartford Woolen Company, of Hartford, Vermont. The partnership succeeded an earlier corporation. The decedent, at the suggestion of the factors in New York who handled the output of the partnership, purchased, during October and November 1946, all of the outstanding stock of Dodge-Davis Manufacturing Company, another woolen mill located in Bristol, New Hampshire. He borrowed about $100,000 from the New York factors to make the *191 purchase. He turned the stock over to the partnership, which immediately liquidated the corporation into the partnership. The partnership had taken over the operation of the corporation on October 1, 1946. The decedent paid off the $100,000 loan from the factors with funds received from the partnership in exchange for the stock of the corporation. The business of the partnership had been particularly good during 1946 and through the first quarter of 1947, but it dropped off seriously during the second quarter of 1947. Hartford Woolen Company, Inc. (hereinafter referred to as Hartford) and Dodge-Davis Manufacturing Company, Inc. (hereinafter referred to as Dodge-Davis) were incorporated on February 11, 1947. The partnership transferred to Hartford substantially the same assets held by it prior to the acquisition of Dodge-Davis Manufacturing Company and transferred to Dodge-Davis substantially the same assets previously held by Dodge-Davis Manufacturing Company. The decedent acquired $10,000 stock in each and became President of Dodge-Davis. The partnership was dissolved later. The authorized capitalization of Dodge-Davis was 300 shares of Class A common stock and 300 shares of Class *192 B common stock, each share having a par value of $100. The decedent loaned Dodge-Davis $43,810.84 on February 17, 1947. The loan, evidenced by a note, was payable in five years and bore interest at the rate of 3 per cent per annum. Interest was paid through December 1948 and was deducted on Dodge-Davis' Federal tax returns. The assets of Dodge-Davis were disposed of in 1949 prior to the death of the decedent. No payment was made on account of the principal and the note became worthless in 1949. The decedent took a deduction on his 1949 return for a business bad debt of $43,810.84, the amount loaned to Dodge-Davis. The Commissioner disallowed the "bad debt deduction of $43,810.84 * * * for notes representing loans made by him to the corporation, which are uncollectible" because "the bad debts represent a nonbusiness loss * * * for the year 1949." The decedent had lived in Hartford, Vermont, all of his life. He had always been financially interested in Hartford or its predecessors which was the main industry in the town and upon which a major portion of the 500 inhabitants of the town were dependent for a livelihood. He made numerous loans to business enterprises in the woolen *193 business during the 15 to 20 years prior to his death. He was financially interested in the businesses to which he made loans and participated in their management. He made many personal loans to employees of Hartford and its predecessors and to other townspeople. The loans were often made after the borrower had been unable to obtain a similar loan from the local bank. The loans were generally made in the decedent's office at Hartford, were usually evidenced by notes and generally bore interest. Repayments were usually made in small installments paid to the decedent personally in cash, but sometimes they were taken out of an employee's pay. The period of the loans varied from a few weeks to several months. The decedent also made some mortgage loans to townspeople. These followed the same general pattern as the personal loans except that they were secured by mortgages on real property and extended for longer periods of time, i.e., from two to five years. The decedent generally had between $12,000 and $70,000 loaned to businesses and individuals. The larger part of these loans was to the woolen mills. He always had between $2,000 and $5,000 out on mortgage loans. The decedent borrowed *194 money from local banks at 4 per cent interest and loaned it to others at a higher rate. He borrowed money personally which he in turn loaned to Hartford and its predecessors. The decedent was in the business of lending money during the taxable period here involved and the bad debt resulting from the loan to Dodge-Davis was a business bad debt and not a non-business bad debt. The decedent paid medical expenses of $2,751.41 during the year 1949. The stipulation of facts and exhibit attached thereto are incorporated herein by this reference. Opinion MURDOCK, Judge: It has been stipulated that the debt of $43,810.84 due to the decedent from Dodge-Davis became worthless during 1949. The only question for decision is whether it was a business bad debt deductible under section 23(k)(1) or whether it was a non-business bad debt subject to the provisions of section 23(k)(4). That question depends upon whether the decedent was in the business of lending money and whether the debt in question was contracted in connection with that business. The evidence shows that his activities in lending money to business enterprises and to individuals were sufficient to constitute a business for *195 the purpose of the deduction under section 23(k). Witnesses testified that the decedent had been in the business of lending money and financing business enterprises. The evidence, as a whole, justifies the finding which decides the case. ; . The facts here are stronger for the petitioner than were those in , reversed , and are within the exception noted by the Court of Appeals in that case. It has been stipulated that the correct amount of medical expenses was stated in the return for 1949. The change in that item resulted from the disallowance of the bad debt deduction and it follows that the medical deduction was proper as claimed. Decision will be entered for the petitioner.